ARMSTRONG, Judge.
Plaintiff, John Coleman, appeals from a decision of the Civil Service Commission of the City of New Orleans. We now affirm.
Plaintiff was dismissed, on September 23,1982, from his position as an Equipment Operator I (in his case a truck driver) with the New Orleans Department of Sanitation. The stated reason for the dismissal was his poor driving record.
Plaintiff appealed his dismissal to the Civil Service Commission, and on April 5, 1983, was ordered “reinstated” to a permanent position as a laborer with the Sewerage and Water Board. He was ordered “reinstated” as a laborer with the Sewerage and Water Board because no such positions were then available with the Department of Sanitation. Plaintiff had apparently held the position of laborer with the Department of Sanitation before qualifying as an equipment operator, thus the “reinstatement.” The Department of Sanitation was also ordered to tender back pay to the plaintiff.
Plaintiff never returned to work for the City in any capacity. It appears from the record that some four years after the initial decision by the Civil Service Commission reinstating him, the plaintiff requested a hearing before the commission for the stated purpose of enforcing the original decision.
At that hearing, from which this appeal has been taken, plaintiff testified that he informed the Sewerage and Water Board of his desire to return to work but was never contacted. However, representatives of the Sewerage and Water Board testified that the plaintiff was unwilling to return to work for them as a laborer. Interestingly, the record contains a letter from the Sewerage and Water Board to plaintiff, dated February 10, 1984, notifying him that his name had been submitted by the Department of City Civil Service as being qualified for the position of Equipment Operator I. This is the same position from which he was dismissed at the Department of Sanitation. It is not known whether the plaintiff responded to this letter or whether when he did, because of his prior driving record with the Department of Sanitation, he was only offered the position of laborer.
In a letter written to the director of the Civil Service Commission, dated June 16, 1987, the plaintiff states that since the April 5, 1983 order he has been employed by two companies and laid off by each. He goes on to state that he wishes to follow up on the four-year-old order of reinstatement.
Based upon the above evidence the Civil Service Commission decided not to enforce the provisions of its April 5, 1983 order, with respect to reinstatement, because too much time had elapsed.
On appeal our duty is to determine whether the conclusion reached by the Civil Service Commission was arbitrary, capricious or clearly wrong. James v. Sewerage and Water Board of New Orleans, 505 So.2d 119 (La.App. 4th Cir.1987).
The facts of this case present a res nova situation. But, considering the record, evidence, and applying a practical commonsense approach, it cannot reasonably be held that the offer of reinstatement was in effect for an indefinite period, until the plaintiff either accepted or expressly rejected it. Accepting the testimony of the representatives from the Sewerage and Water Board, we find that the plaintiff implicitly declined the offer of reinstatement to a position as a laborer with that agency. We find no error with the decision of the Civil Service Commission.
For the foregoing reasons we affirm the decision of the Civil Service Commission.
AFFIRMED.